IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| PHIL IVES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 05-6132-JO |
| | ) | |
| v. | ) | <u>OPINION AND ORDER</u> |
| | ) | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

Mark A. Manning
CRAM HARDER WELLS & BARON PC
474 Willamette Street, Suite 200
Eugene, OR 97401

  Attorney for Plaintiff

Neil J. Evans
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

Leisa A. Wolf
Lucille G. Meis
SOCIAL SECURITY ADMINISTRATION
Office of the General Counsel
701 Fifth Avenue
Suite 2900, M/S 901
Seattle, WA 98104-7075

Attorneys for Defendant

JONES, Judge:

Claimant Phillip Ives seeks judicial review of a final decision of the Commissioner of Social Security denying his application for supplemental security income disability benefits ("SSI").

This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Following a careful review of the record, the court concludes that the case must be remanded for further proceedings.

## ADMINISTRATIVE HISTORY

Claimant protectively filed an application for SSI on March 28, 2003, alleging disability since August 1, 2001, due to degenerative disc disease in his neck and lower back. The application was denied initially and on reconsideration. Claimant requested a hearing. At the hearing on August 10, 2004, claimant, represented by counsel, appeared and testified. On December 15, 2004, the Administrative Law Judge ("ALJ") issued a decision denying claimant's application. The ALJ's decision became the final decision of the Commissioner on March 25, 2005, when the Appeals Council declined review.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence on the record as a whole. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

## SUMMARY OF THE ALJ'S FINDINGS

The ALJ employed a five-step "sequential evaluation" process in evaluating claimant's disability, as required. See 20 C.F.R. § 416.920. The ALJ first determined that claimant has not engaged in substantial gainful activity since January 27, 1999.

Second, the ALJ found that claimant has a severe impairment[1] in the form of spinal disc degeneration, but that claimant does not have an impairment or combination of impairments listed in or medically equal to one listed in the Listing of Impairments, Appendix 1, Subpart P, Regulation No. 4. In determining the severity of claimant's impairment, the ALJ found claimant's testimony not credible to the extent that he alleged an inability to perform any work.

Next, the ALJ determined that claimant can perform sedentary work, and "can sit 6 hours in an 8-hour workday and stand or walk 2 hours in an 8-hour workday. He can lift up to 10

---

[1] The ALJ did not use this language, but that is the import of her finding.

3 - OPINION AND ORDER

pounds occasionally and is restricted to occasional climbing, occasional balancing, occasional kneeling, and occasional crawling." Tr. 51.

The ALJ next found that claimant's past relevant work as a computer home support technician did not require the performance of work-related activities precluded by the above limitations, and therefore, his impairment does not prevent him from performing his past relevant work as a computer home support technician. Tr. 52. Consequentially, the ALJ determined that claimant is not disabled as defined by the Social Security Act and denied his application for benefits.

## DISCUSSION

The parties are familiar with the medical and other evidence of record, which will not be repeated here except as necessary to explain my decision. Claimant challenges the Commissioner's decision on three grounds. First, he contends that the ALJ improperly rejected the opinion of Dr. Carter, one of claimant's treating physicians. Second, claimant argues that the ALJ improperly analyzed his credibility. Finally, claimant faults the Commissioner for failing to consider medical records from an orthopedic surgeon, Dr. Bert, from March 2005, which claimant did not submit until after the Appeals Council issued its denial of reconsideration.

With respect to the latter point, I have reviewed Dr. Bert's records and his opinion, which states that claimant cannot perform a "full range of sedentary work." Tr. 8. Defendant contends that the 2005 records are not relevant because they fall outside the period under review. On this I agree with claimant that Dr. Bert's records and opinion can be construed to relate back to the period under review, and therefore conclude that the case must be remanded for the ALJ to consider and, if necessary, obtain clarification of Dr. Bert's opinion.

I disagree with claimant that the case should be remanded for an immediate award of benefits. Neither Dr. Bert nor Dr. Carter, if credited, opined that claimant would not be capable of performing any substantial gainful sedentary work, only that he could not perform a "full range of sedentary work." Tr. 8, 324. Moreover, Dr. Carter based his opinion on the hypothesis that he "would expect [claimant to have] more frequent absences," a comment that is critical to his opinion (see Tr. 326), but which he does not explain by reference to any objective medical findings in his records. Moreover, Dr. Carter's opinion is inconsistent with much of the medical evidence, which although describing a man with substantial spinal problems who requires pain medication, does not describe a man incapable of performing any work whatsoever. Thus, I do not agree with claimant that the ALJ improperly rejected Dr. Carter's opinion. Nevertheless, because I am remanding this case, the ALJ should seek clarification of the basis and scope of Dr. Carter's opinion.

I also do not agree with claimant that the ALJ's credibility determination was faulty. The ALJ rejected only claimant's testimony that he cannot perform any work, and she rejected that testimony based on claimant's own reports of significant daily activities, including walking and exercising and the performance of numerous household chores. The ALJ's interpretation of the evidence to find claimant's activities inconsistent with his alleged limitations was a permissible interpretation and is entitled to deference. Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1196 (9th Cir. 2004).

Finally, although claimant has not raised this issue, I am troubled by the ALJ's analysis of claimant's ability to perform his past relevant work as a computer home repair technician. The ALJ's determination may be correct on the record before her, but her decision lacks the analysis

5 - OPINION AND ORDER

or explanation seemingly required by the regulations, specifically 20 C.F.R. § 416.960. The ALJ decided that "computer home repair technician" is sedentary work within claimant's residual functional capacity, but that decision is not reviewable by this court absent any findings concerning the demands of the job as claimant performed it or as generally performed in the national economy. The ALJ did not consult a vocational expert, nor did she make any reference to the Dictionary of Occupational Titles or the Medical-Vocational Guidelines. On remand, therefore, after consideration of all the medical evidence and determination of claimant's residual functional capacity, the ALJ should follow the regulations and articulate the vocational considerations as applied to claimant.

## CONCLUSION

For the reasons stated, this case is REMANDED to the Commissioner pursuant to sentence 4 of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

DATED this 16th day of February, 2006.

ROBERT E. JONES
U.S. District Judge